## Wickliffe Manufacturing Company v. Wilson.

(Decided April 13, 1916.)

### Appeal from Ballard Circuit Court.

Appeal and Error.—When the verdict of a jury is flagrantly against the evidence, the judgment on the verdict will be set aside and a new trial granted.

HENRY F. TURNER for appellant.

J. B. WICKLIFFE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Reversing.

The appellee, Wilson, as plaintiff brought this suit in ordinary against the appellant as defendant. In his petition the plaintiff stated, in substance, that in 1913 he and the defendant entered into a contract for the operation of a saw mill in Ballard county, under the terms of which the defendant was to pay him $2.50 a day for his personal time and all expenses of every kind incurred by him in connection with the operation of the mill, and in addition to this he was to have one-half of the profits arising from the business.

He claimed that the defendant was indebted to him in the sum of $372.61 on account of wages and other sums of money paid out by him for it, and in addition thereto he claimed that the receipts of the venture amounted to $4,472.29 and the expenses to $3,906.48, leaving a profit of $567.81, to one-half of which, namely $283.90, he was entitled, making a total indebtedness of the defendant to him $646.61, for which he asked judgment.

He filed with his petition itemized statements showing the amount of which he was entitled for services and ex-

penses, and the amount paid out and received in the operation of the business.

The answer of the defendant, except one irrelevant paragraph to which a demurrer was sustained, was merely a denial of the averments of the petition.

On the trial of the case there was a judgment in favor of the plaintiff for the full amount claimed, and the defendant appeals, asking a reversal on several grounds; but in view of the conclusion we have reached it will only be necessary to notice that one asking a new trial because the verdict is flagrantly against the evidence.

There was sharp conflict in the evidence as to whether Wilson was employed by or had any contract with the Wickliffe Co., and as to the amount claimed by him on account of services and expenses, but on these issues there was sufficient evidence to sustain the finding of the jury that he had a contract with the company and that it was indebted to him in the amount claimed and allowed. But the finding of the jury that there was a profit of $283.90 in the operation of the business is flagrantly against the weight of the evidence and for this reason the judgment will be reversed.

On a return of the case we think it should be transferred to equity and referred to the commissioner to ascertain and report the state of the accounts between the parties, allowing each party to take such proof as he desires.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.